IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


PINDER POINTER NICHOLSON      )
                                      )
     v.                           )      NO. 3:11-1102
                                        )
KRISTI WOODRUFF, et al.           )


TO:  Honorable Aleta A Trauger, District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered December 6, 2011 (Docket Entry No. 7), the Court referred this action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions udner 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff, acting <u>pro</u> <u>se</u>, filed this civil action <u>in</u> <u>forma</u> <u>pauperis</u> under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq</u>.  She alleges that she works at Vanderbilt Orthopedics and has been subjected to unlawful harassing treatment by her supervisors and managers because she filed a charge of discrimination, <u>see</u>  Docket Entry No. 1-1, at 5, on November 3, 2011, in which she alleged racial discrimination and retaliation in her workplace.  The plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated November 8, 2011,  <u>see</u> Docket Entry No. 1-1, at 8, and filed the instant action on November 18, 2011.  Named as defendants to the complaint are Kristi Woodruff, Mandy Hilton, and Michael Garrett, each of whom appears from the complaint and attachments to the complaint to be either a supervisor or manager of the plaintiff.

The instant action should be dismissed under Section 1915(e)(2) for failure to state an arguable legal claim. Although pro se complaints are to be construed liberally, Haines v. Kerner, 404 U.S. 509 (1972), that liberality does not allow the court to conjure up unpled facts. McFadden v. Lucas, 713 F.2d 143, 147, n.4 (5th Cir. 1983); Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

The complaint asserts wrongful conduct on the basis of race, but there are no factual allegations contained in the complaint which can even liberally be construed as supporting a claim of racial discrimination. Indeed, there is no statement anywhere in the complaint indicating the plaintiff's own race. Additionally, although the plaintiffs' allegations could support a finding that she states a plausible claim for retaliation on account of filing a charge of discrimination, she names as defendants only three individual supervisors or managers. However, individual defendants cannot be found personally liable under Title VII, see Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997), and thus she fails to state a claim upon which relief can be granted against the named defendants.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e) for failure to state an arguable legal claim.

As the plaintiff's complaint warrants dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and

Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                    Respectfully submitted,


                                    _____
                                    JULIET GRIFFIN
                                    United States Magistrate Judge